## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA HOLMES, <br><br>             Plaintiff, <br>     v. <br><br> CITY OF CAMDEN, <br><br>             Defendant. | HONORABLE JEROME B. SIMANDLE <br><br>     Civil Action <br> No. 16-cv-06868 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES:

Sandra Holmes
Plaintiff Pro Se
7911 Park Avenue, Apt. B
Pennsauken, NJ 08109

**SIMANDLE, Chief District Judge:**

1.     Plaintiff Sandra Holmes seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of Camden ("the City" or "Camden") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.     Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints prior to service in those civil actions in which a prisoner is proceeding *in forma pauperis* (*see* 28 U.S.C. § 1915(e)(2)(B)), seeks redress against a governmental employee or entity (*see* 28 U.S.C. § 1915A(b)), or brings a claim with respect to prison conditions (*see* 42 U.S.C. § 1997e). The PLRA directs district courts to *sua*

*sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3).

4.   Plaintiff has named Camden as the sole defendant in her complaint; however, the complaint itself is blank. Complaint §§ III-V. As such, the Court cannot discern what cause of action Plaintiff intends to pursue against the City of Camden. The complaint must therefore be dismissed for failure to state a claim.

5.   To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir.

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6.   Here, Plaintiff's Complaint alleges no facts whatsoever in relation to her statement of claim against the City (Complaint § III(C)), purported injuries caused by Camden (*id*. § IV), or requested relief sought from the City (*id*. § V).

---

2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

7.     Accordingly, Plaintiff's claims must be dismissed because the Complaint does not set forth any factual support for the Court to infer that a constitutional violation has occurred.

8.     Furthermore, "[t]here is no respondeat superior theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").

9.     Plaintiff must plead facts showing that the relevant Camden policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[2]

---

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

In other words, Plaintiff must set forth facts supporting an inference that Camden itself was the "moving force" behind an alleged constitutional violation. *Monell*, 436 U.S. at 689.

10.   Plaintiff may be able to amend the Complaint to address the deficiencies noted by the Court. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[3]

11.   Plaintiff is further advised that any amended complaint must plead specific facts regarding the alleged violations. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

---

[3] The amended complaint shall be subject to screening prior to service.

explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

13.  For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim.

14.  An appropriate order follows.


**January 20, 2017**             **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge